UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No. 24-cv-03479-AMO (PR)<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

## I.    INTRODUCTION

Plaintiff Kwesi Muhammad filed this civil action in the Monterey County Superior Court, *Muhammad v. California Department of Corrections and Rehabilitation* [("CDCR")], Case No. 34-2020-00288549 CU MC GDS, stemming from alleged violations at the Correctional Training Facility ("CTF"). Dkt. 1-1 at 4-12.[1] He alleges federal causes of action under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").[2] *Id.* at 8-10. In his complaint, Muhammad only names the CDCR. *Id.* at 2. He seeks injunctive relief and monetary damages. *Id.* at 11.

Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Defendant,

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Muhammad.

[2] Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

1   who is represented by the State Attorney General's Office,[3] filed a motion asking the Court to
2   screen the complaint under 28 U.S.C. § 1915A. Dkt. 1. The Court **GRANTS** the motion to
3   screen the complaint and directs the parties to abide by the briefing schedule outlined below.
4          The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.
5   Venue is proper because the events giving rise to Muhammad's claims in his complaint are alleged
6   to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

**II.  DISCUSSION**

    **A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    **B.  ADA and Section 504 Claims**

Title II of the ADA and section 504 prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of an ADA Title II claim are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was

---

[3] Deputy Attorney General Gregory A. Ott represents and has acknowledged service on behalf of Defendant.

2

otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under section 504 essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

The proper defendant for a claim under Title II of the ADA and section 504 is the public entity responsible for the alleged discrimination, such as the CDCR, who is the defendant in this action. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch. Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under 42 U.S.C. § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and the Section 504. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Here, Muhammad claims that he is an individual with qualifying disabilities because of claimed "physical impairments to his hands and wrists due to severe bilateral carpal tunnel syndrome." Dkt. 1-1 at 6. Muhammad alleges that in October 2023, Defendant denied his Reasonable Accommodation Request ("RAR") in which "he requested that ADA-compliant faucet controls be installed on his in-cell sink to accommodate his physical impairment from carpal tunnel syndrome," but "the CTF ADA Coordinator denied [his] RAR." *Id.* Specifically, Muhammad claims that "[a]ccording to the 2010 ADA Standards for Accessible Design . . . a hand-operating metering faucet shall remain open for a minimum of 10 seconds . . . and require no more than five pounds of force to operate . . . ." *Id.* He alleges his "in-cell sink is equipped with two hand-operated push faucet controls which require[] more than five pounds of force to operate, and this force must be applied constantly in order for the faucet to operate." *Id.* He uses his in-cell sink "for brushing his teeth, handwashing, to perform religiously required ablutions for his five daily prayers, and to maintain the cleanliness of his cell." *Id.* As mentioned, he "requested accommodations readily available in the main plumbing department at CTF, and could have been promptly provided by Defendant to accommodate [Muhammad's] physical impairments, however,

3

1  Defendant simply refused to do so by reason of [Muhammad's] disability." *Id.* at 7.  Thus, he

2  argues that "[u]ntil [his] in-cell sink is equipped with ADA-compliant faucet controls, [he] will

3  continue to be denied full and equal access to Defendant's programs, services, and activities at

4  CTF, and will suffer ongoing discrimination and damages as a result." *Id.*

5      Liberally construed, the complaint states a cognizable claim against Defendant for

6  violating Muhammad's rights under ADA Title II and Section 504.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court **GRANTS** the motion to screen the complaint under 28 U.S.C. § 1915A. Dkt. 1.

2. The complaint states a cognizable claim against Defendant for violating Muhammad's rights under the ADA and Section 504.

3. No later than **twenty-eight (28) days** from the date of this Order, the defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date the answer is due, the defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, the defendant may move for dismissal under Rule

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, the defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

   b.  The plaintiff's opposition to the dispositive motion shall be filed with the Court and served on the defendant no later than **twenty-eight (28) days** after the date on which the defendant's motion is filed.

   c.  The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

The plaintiff also is advised that—in the rare event that the defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    The defendant shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendant to depose the plaintiff and any other necessary witnesses confined in prison.

5. All communications by the plaintiff with the Court must be served on the

1  defendant's counsel by mailing a true copy of the document to them.

2      6.    It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the
3  Court informed of any change of address and must comply with the Court's orders in a timely
4  fashion.  Pursuant to Northern District Local Rule 3-11, a self-represented party whose address
5  changes while an action is pending must promptly file a notice of change of address specifying the
6  new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when:
7  (1) mail directed to the self-represented party by the Court has been returned to the Court as not
8  deliverable, and (2) the Court fails to receive within sixty days of this return a written
9  communication from the self-represented party indicating a current address.  *See* L.R. 3-11(b).

10      7.    The parties are reminded that any party seeking an extension of a court deadline
11  must seek an extension at least **seven (7) days** prior to the deadline.  *See* Civil Standing Order at 3.

12  **IT IS SO ORDERED.**

13  Dated:  October 6, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

7