IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KWESI MUHAMMAD,** | 4:24-cv-03479-AMO |
| Plaintiff, | [~~Proposed~~] **Order Granting Defendant's Motion for *Nunc Pro Tunc*[1] Extension of Time to File Reply Brief Supporting Defendant's Motion for Summary Judgment** |
| **v.** | |
| **CDCR,** | |
| Defendant. | |

Currently before the Court is Defendant's motion brought pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for a *nunc pro tunc* extension of the deadline to file a reply brief in support of summary judgment. Defendant requests the deadline be extended one day to retroactively support their previously filed reply brief.

Defendant filed the summary judgment reply brief one day late as a result of defense counsel erroneously conflating the date of entry with the date of filing. Defense counsel recognized this error upon receipt of Plaintiff Muhammad's objection to the filing.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

1

---

[1] *Nunc pro tunc* applies to acts that are allowed after the legally-allotted time to do them has passed.

Whether "excusable neglect" will lie requires consideration of four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 394 (1993). Before *Pioneer*, the term "excusable neglect" was commonly understood to cover only situations beyond an attorney's control, not negligence on the part of counsel. Under *Pioneer*, "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 395.

In this instance, the four factors of *Pioneer* support Defendant as Plaintiff will suffer no prejudice by the retroactive extension, the extension will have little impact on future judicial proceedings, and the calendaring error—while not commendable—was not performed in bad faith.

In the interest of ensuring the merits of both parties' positions are heard, IT IS HEREBY ORDERED that the motion for *nunc pro tunc* extension of time is GRANTED. Defendant's summary judgment reply brief is deemed submitted as of May 5, 2026.

Dated:        5/19/2029

Araceli Martínez-Olguín
United State District Judge

SF2024302439
45076435.docx

2

Nunc pro tunc may apply also to acts that are allowed after the legally-allotted time to do them has passed.